# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FRANKLIN BLUNT, | § | |
| | § | No. 305, 2014 |
| Defendant Below- | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | No. 1208016953 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: March 4, 2015
Decided: March 24, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## *ORDER*

On this 24th day of March 2015, it appears to the Court that:

(1) Defendant-Below/Appellant Franklin Blunt appeals from Superior Court jury verdicts finding him guilty of two counts of Possession of a Deadly Weapon During the Commission of a Felony,[1] Assault in a Detention Facility,[2] Attempted Assault in the First Degree,[3] and Promoting Prison Contraband.[4] Blunt raises four claims on appeal. First, Blunt contends that the State failed to prove that a wooden shank was a "deadly weapon." Second, he contends that there was insufficient

---

[1] 11 *Del. C.* § 1447.
[2] 11 *Del. C.* § 1254.
[3] 11 *Del. C.* § 531; *see also* 11 *Del. C.* § 613.
[4] 11 *Del. C.* § 1256.

1

evidence to support a finding that he attempted to cause "serious physical injury" when he attacked Officer Lance Green. Third, he contends that the State failed to prove that a wooden shank was contraband because the State failed to prove it was a "deadly weapon." Finally, he contends that the State's misconduct during closing arguments requires that he be granted a new trial. We find no merit to Blunt's appeal and affirm.

(2) In August 2012, Officer Green, Officer Anil Verma, Corporal Daniel Barrett, and Sergeant Dorian George were on duty in Building 21 at the James T. Vaughn Correctional Center. Sergeant George and Corporal Barrett were observing the inmates from an isolated observation room known as a security "POD" while Officers Green and Verma distributed lunch to the inmates. As the officers were collecting empty lunch trays, Blunt informed Officer Green that he had not received his lunch. Officers Green and Verma later returned to Blunt's cell with a lunch tray. At this time, Blunt was informed that the cell would need to be searched for other lunch trays and that the inmates would have to secure themselves in the shower area. Although Blunt's cellmate complied with the officers' order to exit the cell, Blunt refused to do so and became aggressive.

(3) Based on his behavior, the officers ordered Blunt to turn around and prepare to be handcuffed. As the officers were attempting to handcuff Blunt, he

2

pulled a shank[5] from his waistband and proceeded to attack Officer Green. Despite being sprayed with pepper spray, Blunt continued his attack and attempted to strike Officer Green with the shank at least a dozen times as Officer Green attempted to create distance between the two of them. Officer Green eventually tripped and fell to the ground. While Officer Green regained his composure, he was struck in the rib cage as he partially deflected one of Blunt's numerous attempts to stab him with the shank. Officer Green managed to pin Blunt's right wrist to the floor and ordered him to drop the shank. Blunt refused to comply and continued trying to free his hand in order to stab Officer Green. Officer Green hit Blunt above the ear approximately twelve times before Blunt became disoriented and dropped the shank.

(4) After an investigation, Blunt was charged with Attempted Murder in the First Degree, Assault in a Detention Facility, two counts of Possession of a Deadly Weapon During the Commission of a Felony, and Promoting Prison Contraband. At trial, Officer Green, Coroporal Barrett, Sergeant George, and Lieutenant Baynard testified for the State. The State also offered into evidence the shank used to strike Officer Green, and Blunt's statement to investigators, in which he referred to the shank as a knife. Blunt did not file a Motion for Judgment of Acquittal nor did he

---

[5] Lieutenant Stanley Baynard ("Lt. Baynard"), the investigating officer, testified at trial that a "[s]hank is any instrument filed down to a point and/or it has a blunt end used for protection and/or injury." Appellant's Op. Br. App. at A52.

testify in his own defense.

(5) During closing arguments, the State made numerous references to Blunt's attempted strikes, but on two separate occasions incorrectly stated that Blunt had stabbed Officer Green multiple times, when he in fact only stabbed him once. Further, the State referred to Officer Green's bruised ribs, which resulted from Blunt's partially deflected strike. Lastly, the State noted in its closing remarks that Blunt himself had referred to the shank as a knife.

(6) In response, Blunt's counsel argued that no evidence was offered that would support a finding that Officer Green was stabbed more than once. Blunt also argued that the shank was not a "deadly weapon." On rebuttal, the State clarified that its case was based on Blunt's intent, and that "multiple blows were thrown"[6] despite Officer Green only being struck one time. Before the jury was charged, the State requested that the lesser-included offense of Attempted Assault be included in the jury instructions. The trial court granted the State's request over defense counsel's objection. Thereafter, the jury found Blunt guilty of Attempted Assault, Assault in a Detention Facility two counts of Possession of a Deadly Weapon During the Commission of a Felony, and Promoting Prison Contraband. This appeal followed.

(7) Blunt's first three claims are based on grounds of insufficient evidence.

---

[6] Appellant's Op. Br. App. at A90.

4

In reviewing an insufficiency of evidence claim, we review the record to determine "whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find [a] defendant guilty beyond a reasonable doubt."[7] "In doing so, the Court does not distinguish between direct and circumstantial evidence."[8] Blunt concedes, however, that these claims were not fairly presented to the trial court in the proceedings below. As such, these claims will be reviewed for plain error.[9] Under the plain error standard of review, "the error complained of must be so clearly prejudicial to substantial rights so as to jeopardize the fairness and integrity of the trial. The burden of persuasion is on the defendant to demonstrate that a forfeited error is prejudicial."[10]

(8) Blunt first contends that the evidence presented at trial did not support a finding that he used a "deadly weapon" when he attacked Officer Green. A "deadly weapon" is defined as "a knife of any sort (other than an ordinary pocketknife carried in a closed position), . . . or any 'dangerous instrument', . . . which is used, or attempted to be used, to cause death or serious physical injury."[11] A "dangerous instrument" is defined as "any instrument, article or substance which, under the

---

[7] *Robertson v. State*, 596 A.2d 1345, 1355 (Del. 1991).

[8] *Shipley v. State*, 570 A.2d 1159, 1170 (Del. 1990).

[9] *Monroe v. State*, 652 A.2d 560, 563 (Del. 1995) ("This Court may excuse a waiver . . . if it finds that the trial court committed plain error requiring review in the interests of justice.").

[10] *Swan v. State*, 820 A.2d 342, 355 (Del. 2003) (internal citations omitted).

[11] 11 *Del. C.* § 222(5).

5

circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or serious physical injury . . . ."[12]

(9) We find no merit to Blunt's first claim. Viewing the record in the light most favorable to the State, a rational trier of fact could find that Blunt used a "deadly weapon" when he attacked Officer Green. Such a conclusion is supported by several factors. First, the shank used to attack Officer Green was a piece of wood that Blunt had filed down to a point. Second, Sergeant George and Corporal Barrett testified that, after becoming agitated, Blunt attempted to strike Officer Green with the shank multiple times. Third, Officer Green testified that he feared for his life while defending Blunt's repeated attempts to stab him with the wooden shank. Fourth, Lieutenant Baynard testified that shanks are used for the purposes of protection and to cause injury. Fifth, Blunt himself referred to the shank as a knife when explaining to police why he attacked Officer Green. Finally, the State offered the actual shank into evidence in order to allow the jury to examine its features, and determine whether it constituted a "deadly weapon." Based on this evidence, we find that a rational trier of fact could conclude that the shank Blunt used to attack Officer Green was a "deadly weapon." Thus, Blunt's first claim must fail.

(10) Next, Blunt contends that the evidence presented at trial was insufficient

---

[12] 11 *Del. C.* § 222(4).

6

to support a finding that he intended to cause "serious physical injury" when he attacked Officer Green. 11 *Del. C.* § 222(26) defines "serious physical injury" as "physical injury which creates a substantial risk of death, or which causes serious and prolonged disfigurement, prolonged impairment of health or prolonged loss or impairment of the function of any bodily organ . . . ."[13]

(11) In this case, a rational trier of fact could find that Blunt intended to cause "serious physical injury" when he attacked Officer Green. Officer Green testified that he feared for his life during the attack, and several witnesses to the attack testified that Blunt attempted to strike Officer Green between twelve and twenty times. Officer Green also testified that even after being subdued, Blunt continued his attack. A rational juror could infer that if it was not for Officer Green's deflection of Blunt's repeated strikes, Officer Green's injuries would have been much more severe than the bruised ribs that he suffered. Thus, viewing the evidence in the light most favorable to the State, a jury could reasonably determine that Blunt intended to cause "serious physical injury" to Officer Green.

(12) In his final claim regarding the sufficiency of the evidence, Blunt contends that the State failed to prove that he knowingly possessed prison contraband. We find this claim wholly unpersuasive. Under 11 *Del. C.* § 1256, a defendant is guilty of a

---

[13] 11 *Del. C.* § 222(26).

felony for Promoting Prison Contraband when the alleged contraband is a deadly weapon.[14] As previously discussed, a rational trier of fact could find that the wooden shank was a "deadly weapon," and the jury reasonably concluded so here. Further, Lt. Baynard testified that shanks were used to cause injury and that their possession was prohibited. As such, Blunt's third claim must fail.

(13) In his fourth claim, Blunt argues that the State's reference to Blunt stabbing Officer Green multiple times during closing arguments was a misrepresentation of the evidence, and that the State's reference to bruised ribs was a misrepresentation of Officer Green's injuries. Blunt contends that these statements rise to the level of prosecutorial misconduct and require that he be granted a new trial.

(14) Blunt concedes that his claim of prosecutorial misconduct was not presented below and should be reviewed for plain error. Under a plain error standard of review, "we [first] examine the record *de novo* to determine whether prosecutorial misconduct occurred."[15] If there was prosecutorial misconduct, the misconduct "must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[16]

(15) We find that the State's conduct did not constitute prosecutorial

---

[14] 11 *Del. C.* § 1256.

[15] *Baker v. State*, 906 A.2d 139, 150 (Del. 2006).

[16] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986) (citing *Dutton v. State*, 452 A.2d 127, 146 (Del. 1982)).

8

misconduct and does not require the granting of a new trial. The State is free to argue "legitimate inferences of the appellants' guilt that flow from [the] evidence."[17] But, the State may not "'intentionally [] misstate the evidence or mislead the jury as to the inferences it may draw.'"[18] Here, Blunt has failed to show that the State intentionally misstated evidence or misled the jury. Moreover, any misstatement by the State was corrected on rebuttal, when the State clarified that Blunt *attempted* to stab Officer Green over and over again. Additionally, the State's reference to bruised ribs cannot amount to misconduct because it was not a misstatement of the evidence. Officer Green testified that his ribs were bruised after the altercation. For all of these reasons, Blunt's final claim must fail.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED**.

BY THE COURT:

Justice

---

[17] *Hooks v. State*, 416 A.2d 189, 204 (Del. 1980).
[18] *Daniels v. State*, 859 A.2d 1008, 1011 (Del. 2004) (quoting *Sexton v. State*, 397 A.2d 540, 545 (Del. 1979)).